UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SALVATORE N. GALLO,

        Plaintiff,

v.                                          Case No. 10-C-302

STATE OF WISCONSIN, et al.,

        Defendants.

**ORDER**

Plaintiff Salvatore N. Gallo filed this lawsuit against the State of Wisconsin, the City of Green Bay, and an unknown defendant. Plaintiff has also filed a motion for leave to proceed *in forma pauperis*. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

Plaintiff filed the required affidavit of indigence. Although the affidavit does not provide Plaintiff's monthly income–it merely says "disability"–it appears that Plaintiff could not afford the $350 filing fee. Accordingly, his motion to proceed *in forma pauperis* will be granted.

The Court, however, maintains a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims for which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The Court now turns its attention to the substance of the complaint. Plaintiff's allegations in the complaint are utterly incoherent, and it is impossible for the Court to decipher the basis of his complaint. Plaintiff uses loaded words such as "conspiracy," "rights," "corrupt," "harassment," "threat," "assault," "murder" and "kill" at times, but the Court is unable to make out anything constituting a cognizable claim. Accordingly, this case must be dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.

Dated this   13th   day of April, 2010.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge